# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS MIDLAND-ODESSA DIVISION

**MAGELLAN MIDSTREAM PARTNERS, L.P.,** a Delaware limited partnership,

Plaintiff,

v.

**LONGHORN MIDSTREAM HOLDINGS, LLC,** a Delaware limited liability company,

Defendant.

Case No. 19-CV-177

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Magellan Midstream Partners, L.P. ("Plaintiff"), for its claims against Defendant, Longhorn Midstream Holdings, LLC ("Defendant"), alleges and states as follows:

### PARTIES

1. Plaintiff is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in Tulsa, Oklahoma.

2. Defendant is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Dallas, Texas.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. § 1051 et seq.), and related claims.

4. This court has jurisdiction of the claims herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1331, 1338(a) and (b).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Allegations Common to All Claims for Relief

6. Plaintiff, along with its predecessor-in-interest, has been utilizing the mark LONGHORN in connection with its pipeline transmission and related services since at least 1998, including its pipeline that begins in Crane, Texas, and transports crude oil from the Permian Basin to Houston, Texas.

7. On or about March 14, 2013, Plaintiff filed an application for registration of the LONGHORN mark in the United States Patent and Trademark Office (the "USPTO").

8. On February 4, 2014, the mark was registered by the USPTO on the Principal Register under the Trademark Act of 1946 covering use of the mark in relation to "transmission of materials, namely, petroleum and petroleum products, through pipelines" in International Class 039 ("IC 039"). A true and correct copy of Plaintiff's U.S. Registration No. 4,477,164 is attached hereto as Exhibit "1."

9. Plaintiff's exclusive right to use the registered mark in commerce is now incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

10. As a result of prolonged, consistent and exclusive use by Plaintiff of its mark LONGHORN to promote its services, LONGHORN has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services and its goodwill.

11. Defendant recently began operating a business that provides services related to constructing, owning, and operating pipeline assets and uses the marks "Longhorn" or "Longhorn Midstream" (the "Subject Mark") in connection therewith. See February 11, 2019 and July 15, 2019 Press Releases attached hereto as Exhibit "2."

12. Defendant has described its services in an application to register a related mark (U.S. Trademark Application No. 88,325,132) as "maintaining, developing and operating midstream oil, natural gas and produced water assets, namely, transmission of oil, natural gas, or

produced water through pipelines" in IC 039, the same class of services as Plaintiff's LONGHORN mark.

13. Defendant also operates and maintains the website www.longhornmidstream.com and utilizes the Subject Mark in such a manner as to emphasize the dominant Longhorn aspect of the mark.

### First Claim for Relief
### (Trademark Infringement)

14. Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein.

15. Defendant has, without permission or authority from Plaintiff, used and is continuing to use the Subject Mark in interstate commerce and in the State of Texas to promote its services.

16. Defendant's actions and unauthorized use of the Subject Mark are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Subject Mark with LONGHORN and as to the origin, sponsorship or approval of the infringing activities, at least by creating the false and misleading impression that the infringing activities are authorized by or otherwise associated with Plaintiff.

17. Defendant's actions and unauthorized use of the Subject Mark constitute trademark infringement in violation of 15 U.S.C. § 1114 and state common law.

18. Plaintiff has provided Defendant with actual notice of Plaintiff's rights and registration and requested that Defendant cease and desist from its acts of infringement, but Defendant has failed and refused to do so.

19. Upon information and belief, Defendant's use of Plaintiff's LONGHORN mark has been knowledgeable, willful, intentional and in bad faith. Defendant's bad faith is evidenced by the unlawful use of Plaintiff's LONGHORN mark after notice of the violation and in an effort to market Defendant's services in disregard of Plaintiff's rights. *See* Ex. 2.

20.     Defendant, although knowledgeable of Plaintiff's rights, continues to disregard Plaintiff's rights to the LONGHORN mark.

21.     Defendant's use of Plaintiff's LONGHORN mark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's business and its LONGHORN mark.

## Second Claim for Relief
### (Unfair Competition)

22.     Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein.

23.     Defendant has provided its services in interstate commerce with the designation and representation of the Subject Mark.

24.     Defendant's actions and use of the Subject Mark is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship or approval of Defendant's services by Plaintiff.

25.     Defendant's actions and unauthorized use constitute unfair competition that has damaged Plaintiff in violation of §43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and state common law.

## Third Claim for Relief
### (Cyberpiracy)

26.     Plaintiff adopts and incorporates each and every preceding paragraph as if set forth fully herein.

27.     Defendant has registered and used the domain name longhornmidstream.com, which is confusingly similar to Plaintiff's LONGHORN mark.

28. Defendant's registration and use of the domain name is for commercial gain and creates a likelihood of confusion as to the source, sponsorship, affiliation and endorsement of the site.

29. Upon information and belief, Defendant's continued use of the domain name after notice of Plaintiff's demand to cease and desist is in bad faith.

30. Defendant's registration and use of its domain name is likely to cause, and has caused, damage to Plaintiff, and are in violation of §43(d) of the Lanham Act (15 U.S.C. §1125(d)).

### Combined Prayer for Relief

Wherefore, Plaintiff requests that judgment be entered in its favor and against Defendant as follows:

1. That the Court find that Defendant willfully and intentionally infringed on Plaintiff's LONGHORN mark, and that Defendant has engaged in statutory and common law unfair competition, false designation of origin and cyberpiracy;

2. That the Court preliminarily and permanently enjoin and restrain Defendant, its agents, employees and all others acting under its direction or control, from infringing Plaintiff's LONGHORN mark and any other mark confusingly similar thereto;

3. That, pursuant to 15 U.S.C. § 1118, the Court order Defendant to deliver to Plaintiff all printed materials, signage, and other articles in the possession of Defendant bearing the Subject Mark and that the same be destroyed;

4. That the Court order Defendant to cancel or transfer the longhornmidstream.com domain name to Plaintiff;

5. That the Court order Defendant to issue a public notice providing for proper attribution of the LONGHORN mark to Plaintiff and to provide a copy of such notice to all of Defendant's customers, suppliers, or others to which the infringing proposed services were offered;

6. That the Court order Defendant to account to Plaintiff for any and all profits derived by Defendant from use of the Subject Mark;

7. That the Court award Plaintiff all damages and grant Plaintiff all relief allowed by law and equity;

8. That, because this is an exceptional case, the Court award Plaintiff its reasonable attorneys' fees and costs; and

9. That the Court award further relief as may be just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Date: July 19, 2019

Respectfully submitted,

**JURY TRIAL DEMANDED**

/s/ Lisa T. Silvestri
Lisa T. Silvestri, Texas Bar #00797967
John D. Russell, OBA #13443 *(Pro Hac Vice Pending)*
Todd A. Nelson, OBA #15317 *(Pro Hac Vice Pending)*
Paul E. Rossler, OBA # 21796 *(Pro Hac Vice Pending)*
GableGotwals
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103
Telephone: 918-595-4800
Facsimile: 918-595-4990
Email: lsilvestri@gablelaw.com
jrussell@gablelaw.com
tnelson@gablelaw.com
prossler@gablelaw.com

**Attorneys for Plaintiff,
Magellan Midstream Partners, L.P.**

6